| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:12-cr-129-14 |
| v. ) | |
| ) | Judge Mattice |
| RANDY GREENE ) | |

## ORDER

Before the Court is the Objection of the United States to Second Report and Recommendation on Suppression Motion (Doc. 376). In it, the Government objects to the Report and Recommendation (Doc. 346) of Magistrate Judge Susan K. Lee filed on September 9, 2013. For the reasons explained herein, the Government's Objection to Magistrate Judge Lee's Report and Recommendation will be **OVERRULED** and Defendant's Motion to Suppress Traffic Stop or, in the Alternative, Motion to Exclude any Reference to the Plastic Baggy Recovered During the Traffic Stop (Doc. 190) will be **GRANTED.**

I.  **BACKGROUND**

Defendant Randy Greene filed his original motion to suppress in this matter on June 11, 2013 (Doc. 190). In that Motion, Mr. Greene challenged the legality of a traffic stop of his vehicle on October 12, 2012 by Officer Drew Payne of the Polk County Sheriff's Department. Although Officer Payne justified the stop by claiming that he had prior knowledge that the Defendant's driver license had been suspended, Mr. Greene asserted that, in fact, Officer Payne lacked any reasonable suspicion to suggest that criminal activity

was afoot at the time he stopped his automobile. The search of Mr. Greene and his vehicle which ensued yielded various drug paraphernalia as well as a small plastic baggy containing a white powdery substance which later tested positive for methamphetamine.

Magistrate Judge Lee held an evidentiary hearing on the original motion to suppress on July 1, 2013, at which time she heard from Officer Payne (Doc. 305, Transcript). Following the hearing and post-hearing briefing, Magistrate Judge Lee issued her first Report and Recommendation (Doc. 281) in this matter, in which she recommended that Mr. Greene's motion to suppress be denied. Further, Magistrate Judge Lee found that at the time of the traffic stop in question, Officer Payne did, in fact, have a reasonable, articulable suspicion that criminal activity was afoot – that is, that Mr. Greene was driving his vehicle without a valid drivers' license. *Id.* at p. 9. Magistrate Judge Lee based her conclusion, in part, on Officer Payne's testimony that (1) before the traffic stop in question, he had encountered Mr. Greene on two prior occasions, on each of which Mr. Greene was found to be driving on a suspended license; and (2) that the more recent of these two earlier occasions had been 72 days before the subject traffic stop and arrest at issue here. *Id.* at p. 8.

Following the issuance of Magistrate Judge Lee's first Report and Recommendation, the Defendant filed a timely objection to the Report and Recommendation (Doc. 288) and, a few days later, filed his Motion to Introduce New Evidence Regarding Defendant's Motion to Suppress & Memorandum of Law (Doc. 289). In this latter document, counsel for Mr. Greene represented that he had recently obtained additional documentary evidence relating to the earlier traffic stops of Mr. Greene by Officer Payne, and that such new evidence had a substantial bearing on the accuracy of

Officer Payne's testimony at the initial evidentiary hearing. *Id.* Based on this, Mr. Greene requested a second hearing on the Motion to Suppress, in order to permit him to provide the Court with the newly-discovered evidence. *Id.* at pp. 3 and 4.

The Government opposed Mr. Greene's Motion to the extent it sought to re-open the proof as to his Motion to Suppress, but stipulated that Officer Payne's testimony at the first evidentiary hearing had been in error. (Doc. 295). Magistrate Judge Lee nevertheless granted Mr. Greene's Motion to Introduce New Evidence, but afforded the parties the opportunity to proceed by way of a stipulation as to the new evidence, in lieu of presenting such at a second evidentiary hearing. (Doc. 297). The parties chose this latter option, and provided the Court with a Joint Motion and Stipulation Regarding Suppression Hearing (Doc. 318), in which they stipulated that Officer Payne's most recent earlier traffic stop of Mr. Greene had been 160 days prior to Mr. Greene's arrest on October 12, 2012. *Id.* at p. 1. The parties also requested a supplemental briefing schedule, which Magistrate Judge Lee approved (Doc. 320).

Magistrate Judge Lee then issued her second Report and Recommendation in this matter (Doc. 346), in which she reversed her earlier recommendation that Mr. Greene's Motion to Suppress be denied. In her second R&R, Magistrate Judge Lee found that the new, stipulated evidence regarding earlier traffic stops directly contradicted Officer Payne's testimony at the original evidentiary hearing. *Id.* at p. 2. More specifically, Magistrate Judge Lee found that the difference in the length of time which had elapsed between the later of the prior encounters between Officer Payne and Mr. Greene and the incident at issue here – 160 days rather than 72 days – fundamentally altered her analysis. Based on the new evidence, Magistrate Judge Lee found that the information upon which the

Government grounded its argument that Officer Payne could articulate specific, particularized facts upon which to base a reasonable suspicion – in this case, the status of Mr. Greene's drivers' license – was too stale to support a reasonable suspicion. Magistrate Judge Lee found that such information being 160 days old did, indeed, render it stale, and thus Officer Payne's basis for stopping Mr. Greene amounted to a mere "hunch," not a reasonable suspicion *Id.* at pp. 4-6.

The Government timely objected to Magistrate Judge Lee's Second Report and Recommendation (Doc. 376), taking issue with her finding that the newly discovered evidence directly contradicted Officer Payne's testimony at the evidentiary hearing and disagreeing with her conclusion that the passage of 160 days between the more recent of Officer Payne's earlier encounters with Mr. Greene and the incident at issue here rendered Officer Payne's knowledge regarding the status of Mr. Greene's drivers' license stale. The Government also argued that, even if it were proper to conclude that Officer Payne lacked reasonable suspicion to warrant the stop of Mr. Greene's vehicle, under the standard laid down by the Supreme Court in *Herring v. United States*, 555 U.S. 135, 141 (2009), exclusion of the evidence was not an appropriate remedy for the constitutional violation. *Id.* at pp. 5-9.

In his Response to the Government's Objections to the Second Report and Recommendation (Doc. 393), Mr. Greene points out the fact that the parties now agree that 160 days separated the second and third encounters between Officer Payne and Mr. Greene did indeed contradict Officer Payne's testimony at the evidentiary hearing that prior to the October 12, 2012 incident, his last encounter with Mr. Greene had occurred only "[a] month or so prior." (Doc. 305, Transcript of Suppression Hearing of July 1, 2013,

pp. 16 of 55). The Response also points out that Magistrate Judge Lee's conclusion that the 160 day interval between encounters rendered Officer Payne's information regarding the status of Mr. Greene's drivers license too stale to support a reasonable suspicion is consistent with the holding of *United States v. Laughrin*, 438 F.3d 1245, 1248 (10th Cir. 2006), which Mr. Greene describes as being "directly on point." (Doc. 393, Defendant's Response, p. 2 of 5). Finally, Mr. Greene's Response argues that, notwithstanding the Government's reliance on *Herring*, suppression of the evidence is, indeed, the appropriate remedy for this type of constitutional violation. 555 U.S. at 141.

## II.  STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(B) permits the District Court to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of any of the matters not specifically excluded in 28 U.S.C. § 636(b)(1)(A). Within 14 days of its entry, any party may file written objections to the magistrate's report and recommendation. A party's objections to an report and recommendation must be specific, and "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Cline v. Myers,* 495 F. App'x 578, 580 (6th Cir. 2012).

Upon the filing of such objections, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations as to which objection is made." After conducting the requisite *de novo* review, the Court may either accept, reject, or modify the report and recommendation. 28 U.S.C. § 636(b)(1)(c).

## III. ANALYSIS

Most of the case law in the Sixth Circuit relating to the issue of "staleness" deals with the quality of information supporting probable cause for issuance of a search warrant. Regardless, the same principles apply when considering the nature of information relied upon by a police officer when considering the specific and articulable facts necessary to support a finding of reasonable suspicion. Thus, the issue of staleness depends not on an arbitrary time limitation, but rather on the nature of the crime, the criminal, the place to be searched and the thing to be seized. *United States v. Spikes*, 158 F. 3d 913, 923-24 (6th Cir. 1998), *cert denied*, 525 U.S. 1086 (1999). Even when some information relied upon by the searching officer is determined to be stale, reasonable suspicion may be present if the stale information relates to protracted or continuous conduct, or where the stale information is corroborated by more recent information. *United States v. Henson*, 848 F.2d 1374, 1381-82 (6th Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989). *See* also *United State v. Ursery*, 109 F.3d 1129, 1133 (6th Cir. 1997).

In the case at bar, the sole factual issue to be determined is whether the nature and quality of the information possessed by Officer Payne regarding the status of Mr. Greene's drivers license on October 12, 2012 was sufficiently specific, articulable and current to support a reasonable suspicion to stop his vehicle. The Court finds the change in Officer Payne's testimony between the evidentiary hearing and the submission of the stipulation of correction by the parties to be telling in this regard. More specifically, Officer Payne was unable to precisely recall the timing of his most recent interaction with Mr. Greene prior to the October 12, 2012 incident. In this court's view, this failure of memory makes it

somewhat less likely that whatever information Officer Payne may have recalled about Mr. Greene of that date was adequately specific, articulable and recent to support a traffic stop. For this reason, the Court agrees with Magistrate Judge Lee's determination that any such information was too stale to constitute a reasonable suspicion. More likely, Officer Payne simply identified Mr. Greene as an individual with a known criminal history whom he had encountered previously.

As the Government strenuously argues in its Objection, it is the law of the Sixth Circuit that, "[i]n situations where the criminal activity is of an ongoing nature, it will take longer for the information to become stale." *United States v. Sandridge*, 385 F.3d 1032, 1036 (6th Cir. 2004) (citing *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001)). However, this broad principle has its limits in order to comply with the protections set forth in the Fourth Amendment. *See Ornelas v. United States*, 517 U.S. 690, 696 (1996) (reasonable suspicion and probable cause are "fluid concepts that take their substantive content from the particular contexts in which the standards are being assessed"). It is notable that, in *Sandridge*, the police officers had knowledge that the defendant was driving with a suspended license for 22 days before he was ultimately pulled over on that basis. (Id.). However, in this case, there has been a 160-day interval between Officer Payne's knowledge of the status of Mr. Greene's driver's license until he was stopped on that basis. If the Court were to accept the Government's rationale, the Sixth Circuit standard regarding ongoing violations would become meaningless and "a stop could occur at any time or place based solely on a record of prior arrests or convictions." *United States v. Bunton*, 2:09-CR-106, 2010 WL 2082642, at *3 (E.D. Tenn. May 24, 2010); *see also*

-7-

Case 1:12-cr-00129-HSM-SKL   Document 562   Filed 05/01/14   Page 7 of 9   PageID #: 1794

*United States v. Laughrin*, 438 F.3d 1245, 1248 (10th Cir. 2006) (holding that, in the context of a stop based on criminal history "[t]wenty-two days is significantly less than 22 weeks"). Given the significant time period that passed between the officer's knowledge of Mr. Greene's violation and when the stop was made, the Court finds that the information was too stale to justify stopping Mr. Greene on the belief that a suspension was still in effect.

The same rationale which supports the Court's conclusion that Officer Payne's information was too stale to constitute reasonable suspicion also undercuts the Government's argument that, based on the reasoning of the Supreme Court's decision in *Herring v. United States*, 555 U.S. 135 (2009), suppression of the evidence is not the appropriate remedy in this case. In *Herring*, the Supreme Court ruled that exclusion of the evidence is an appropriate remedy for police violations of the Fourth Amendment only in cases in which the complained-of conduct of the police was susceptible of reform or deterrence on future occasions. The case at bar provides a classic example of such a case.

It is all too easy for an overworked law enforcement officer to forego the rigor imposed by the "specific and articulable facts" analysis required by the reasonable suspicion standard and instead fall back on a less rigorous "round up the usual suspects" mentality when making a field decision as to whether to make a traffic stop. See *Laughrin*, 438 F.3d at 1247. But it is precisely this sort of easy decision-making that the standards imposed by the Fourth Amendment are intended to discourage. While perhaps understandable, the sort of conduct represented by the traffic stop at issue here is precisely the sort which can be, and must be, deterred in the future by suppression of the

evidence.

## IV. CONCLUSION

For the reasons set forth herein, the Objection of the United States to Second Report and Recommendation on Suppression Motion (Doc. 376) is **OVERRULED**. Magistrate Judge Lee's Second Report and Recommendation (Doc. 346) is **ACCEPTED AND ADOPTED** as provided herein, and Defendant's Motion to Suppress Traffic Stop or, in the Alternative, Motion to Exclude and Reference to the Plastic Baggy Recovered During the Traffic Stop (Doc. 190) is hereby **GRANTED.**

SO ORDERED this 1st day of May, 2014.

                                              */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE